[Crim. No. 3991.   Second Dist., Div. Two.   Nov. 13, 1946.]

## THE PEOPLE, Respondent, v. FELTON GOLDEN, Appellant.

George Shibley for Appellant.

Robert W. Kenny, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating the Dangerous Weapons Control Law of 1923, Statutes of 1923, page 695, section 1, Act 1970 of Deering's General Laws, as amended, after trial before the court without a jury, defendant appeals.   Defendant also appeals from the order denying his motion for a new trial.   There is likewise a purported appeal from the order denying defendant's motion in arrest of judgment.

The evidence being viewed in the light most favorable to the People (respondent), the essential facts are:

On August 13, 1945, about 1:15 a. m., defendant was

stopped by two police officers while driving his automobile between Second and Third Streets on Beacon Street in Los Angeles. The police searched the car and discovered under the seat a "monkey fist," a photograph of which is attached hereto, marked People's Exhibit A.*   At the time of the trial an expert witness, Mr. Flinker, an able-bodied seaman, identified People's Exhibit A as a "monkey fist," an object used at the end of a heaving line.   It is a weight attached to the end of a line so that when a line is heaved or thrown it will reach the dock.   He testified that People's Exhibit A was a standard "monkey fist."

*This is the picture of People's Exhibit A mentioned in the opinion.

Defendant testified that he had found People's Exhibit A in Banning Homes, and not knowing what the object was he had picked it up and placed it in his automobile. There was no other evidence as to the nature of the exhibit.

██ This is the sole question presented for our determination:

*Was there substantial evidence to sustain defendant's conviction of violating the Dangerous Weapons Control Law of 1923, supra?*

This question must be answered in the negative. Section 1 of Act 1970, Dangerous Weapons Control Law, reads in part as follows:

"On and after the date upon which this act takes effect, every person who within the State of California . . . possesses any instrument or weapon of the kind commonly known as a black-jack, slungshot, billy, sand-club, sandbag, or metal knuckles . . . shall be guilty of a felony. . . ."

It is evident from a reading of the foregoing statute that the possession of a "monkey fist" is not made illegal by such act nor is a "monkey fist" commonly known as a black-jack, slungshot, billy, sand-club, sandbag or metal knuckle. Hence it is clear that there is a total absence of any evidence to sustain defendant's conviction of a violation of the aforementioned law.

For the foregoing reasons the judgment and order denying defendant's motion for a new trial are and each is reversed. ██ An order in arrest of judgment is nonappealable (*People* v. *Okada,* 14 Cal.App.2d 660, 664 [58 P.2d 967]). Therefore, the attempted appeal therefrom is dismissed.

Moore, P. J., and Wilson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 12, 1946.